

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

November 20, 2007

<u>By Hand and ECF</u>

The Honorable Harold Baer
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, 2230
New York, NY  10007

   **Re:  <u>United States v. Rodriguez et al.</u>,**
     **S1 07 Cr. 699 (HB)**

Dear Judge Baer:

  The Government respectfully submits this post-hearing letter-brief to address why the Government contends no hearing is necessary to decide the pending motions to dismiss the Indictment filed by defendant Bryant De Los Santos.[1]

  In considering the pending motion to dismiss the Indictment, no hearing is necessary because "it is well settled that an "indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." <u>United States v. Contreras</u>, 776 F.2d 51, 53-54 (2d Cir. 1985) (quoting <u>Gerstein v. Pugh</u>, 420 U.S. 103, 117 N.19 (1975) (quoting <u>Ex parte United States</u>, 287 U.S. 241, 250 (1932))).  Put simply, "[a]n indictment is sufficient to try a defendant on the counts charged therein, and satisfies the requirements of the fifth amendment . . . it cannot even be challenged on the ground that it is based on inadequate or incompetent evidence." <u>Contreras</u>, 776 F.2d at 54 (internal citations and quotations omitted).  In this case, the Government's "burden of showing probable cause [is] met merely by offering the indictment." <u>Id.</u> (citing <u>Sciortino v. Zampano</u>, 385 F.2d 132, 133 (2d Cir.1967)).  The defendant is not entitled to an evidentiary hearing to determine whether probable cause exists

---

[1] Also pending before the Court is a joint motion filed by defendants Demi Abriham and Pedro Cabrera to dismiss the indictment based on outrageous Government conduct, as well as motions to suppress post-arrest statements filed by defendants' Abriham and De Los Santos.  Further, defendant Lorenzo Rodriguez has joined in those motions that apply to him.  A hearing was held on November 19, 2007, with regard to the motions to suppress De Los Santos and Abriham's post-arrest statements.

Hon. Harold Baer
November 20, 2007
Page 2

because a grand jury has already returned an indictment. <u>Id.</u> ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed." (citing <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956)).

Apparently, the De Los Santos is claiming that the underlying Complaint and Indictment were issued based on a post-arrest statement taken of the defendant pursuant to an illegal arrest. This claim is meritless, and, even if the post-arrest statement was taken in violation of the defendant's rights, there is still no legal basis to dismiss the Indictment. The Supreme Court has held that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956) ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.").

The defendant, like the petitioner in <u>Costello</u>, asks this Court to permit him to challenge the Indictment "on the ground that [it is] not supported by adequate or competent evidence." <u>Costello</u>, 350 U.S. at 363. The Supreme Court has rejected this, holding that

> [N]o persuasive reasons are advanced for establishing such a rule . . . . It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change. In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial.

<u>Id.</u> Even if it were true that the grand jury in this case was presented with evidence in violation of the Fourth Amendment (such as an invalid confession), there is still no grounds to dismiss the Indictment. <u>United States v. Williams</u>, 504 U.S. 36, 51 (1992) (noting prior jurisprudence holding that the exclusionary rule does not extended to grand jury proceedings); <u>see also</u> <u>United States v. Calandra</u>, 414 U.S. 338, 334-35 (1974) (holding that an indictment returned based upon illegally seized evidence, including statements, is not invalid).[2] Therefore,

---

[2] As noted in the Government's opposition letter, however, the arrest of De Los Santos and Abriham was amply supported by probable cause. (<u>See</u> Govt's Opp. Letter at 6, 8-10.) <u>See also</u> <u>United States v. Valez</u>, 796 F.2d 24, 25-27 (2d Cir. 1986) (probable

Hon. Harold Baer
November 20, 2007
Page 3

there is simply no basis in law for the defendants' motions to dismiss the Indictment, and no hearing is necessary for this determination.

**CONCLUSION**

Based on the foregoing authority, as well as the Government's prior opposition letter, the Government submits that De Los Santos' motion to dismiss the Indictment should be denied, and that, as stated at the hearing and in the Government's previous opposition letter, no hearing is required for the Court to make this determination.

    Respectfully submitted,

    MICHAEL J. GARCIA
    United States Attorney

By: _____
    Todd Blanche
    Assistant United States Attorney
    (212) 637-2494

cc:    Ira D. London, Esq.
    Attorney for Defendant Lorenzo Rodriguez
    (212) 683-9422 (facsimile)

    Ellyn I. Bank, Esq.
    Attorney for Defendant Jose Cirrasquillo
    (212) 962 9696 (facsimile)

    David Segal, Esq.
    Attorney for Defendant Demi Abriham
    (212)-571-0938 (facsimile)

    Louis R. Aidala, Esq.
    Attorney for Defendant Bryant De Los Santos
    (212) 750-8297 (facsimile)

    Robert Blossner, Esq.
    Attorney for Defendant Pedro Cabrera
    (212)571-0938

---

cause where defendant fit description of perpetrator and in vicinity of crime shortly after it occurred); United States v. Deegan, 428 F.2d 714, 717 (2d Cir. 1970) (probable cause where defendant fit description of robber of Horn & Hardart and was observed carrying Horn & Hardart shopping bag which appeared to contain rolls of coins); United States v. Martin, 28 F.3d 742, 744 (8th Cir. 1994) (probable cause where defendant fit victim's description of robber's "height, weight, race, and hair color" and where defendant's van seen near crime scene).