```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

        - v. -                     :    S1 07 Cr. 699 (HB)

DEMI ABRIHAM,                      :
   a/k/a "300,"
BRYANT DE LOS SANTOS,              :
PEDRO CABRERA,
   a/k/a "Pete,"                   :

                Defendants.        :

- - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

 

 

MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for the United States
    of America

Todd Blanche
Katherine A. Lemire
Assistant United States Attorney
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

     - v. -                         :      S1 07 Cr. 699 (HB)

DEMI ABRIHAM,                       :
   a/k/a "300,"
BRYANT DE LOS SANTOS,               :
PEDRO CABRERA,
   a/k/a "Pete,"                    :

                 Defendants.        :

- - - - - - - - - - - - - - - - - -x
```

### GOVERNMENT'S PROPOSED
### EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

A.  **The Charges**

1.  This is a criminal case. The defendants, DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA, have been charged in an indictment with violating federal robbery and

narcotics laws.  An Indictment was filed by a grand jury sitting in this district.

    2.   The Indictment is not evidence itself.  It simply contains the charge that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charge in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

    3.   The Indictment contains two counts.  The Indictment charges DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA with conspiring to rob certain individuals engaged in narcotics trafficking, and with conspiring to violate the narcotics laws of the United States.

    4.   Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

    B.   **Knowledge of the Trial Participants**

    5.   The defendant in this case is DEMI ABRIHAM, also known as "300," BRYANT DE LOS SANTOS, and PEDRO CABRERA, also known as "Pete."  [*Please ask the defendants to rise.*]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendants, or with any relative, friend or associate of the defendants?

6.  To your knowledge, do any of your relatives, friends, associates, or employers know the defendants?

7.  DEMI ABRIHAM is represented by David Segal. Do any of you know Mr. Segal? BRYANT DE LOS SANTOS is represented by Louis Aidala. Do any of you know Mr. Aidala? PEDRO CABRERA is represented by Robert Blossner. Do any of you know Mr. Blossner?

8.  The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Todd Blanche and Katherine Lemire. [*Please ask Mr. Blanche and Ms. Lemire to stand.*] Do any of you know Mr. Garcia, Mr. Blanche, or Ms. Lemire? Have you or your family members or close friends had any dealings either directly or indirectly with them? The Government will also be assisted in this case by Detective Peter Shanhai of the New York City Police Department, and Special Agent Anthony Melchiorri, of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. [*Please ask Detective Shanhai and Special Agent Melchiorri to stand.*] Have you or your family members or close friends had any dealings either directly or indirectly with Detective Shanhai or the NYPD, Special Agent Melchiorri or the ATF?

3

9. I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case.

> [a glossary listing the witnesses expected to testify on behalf of the Government, possible rebuttal witnesses, and other names which will likely be referred to during the course of the trial will be submitted for the Court's reference on the morning of jury selection]

Do any of you know any of these people? Have you had any dealings either directly or indirectly with any of these individuals?

C. **Relevant Location**

10. The conduct of the defendant at issue in this case took place at the following location in the Bronx, New York: *[A list of relevant locations will be provided to the Court prior to jury selection]*
Are any of you familiar with that general area of the Bronx?

D. **Relationship with Government**

11. Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the Bureau of Alcohol, Tobacco, Firarms, and Explosives, or the New York City Police Department? Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

12. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice or other feelings for or against the New York City Police Department, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, or the United States Attorney's Office, or any other law enforcement agency?

13. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the

5

United States, including the Internal Revenue Service? Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

### E. Prior Jury Service

14. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

15. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict?

### F. Experience as a Witness, Defendant, or Crime Victim

16. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

17. Have you ever been a witness or a complainant in any federal or state prosecution?

18. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

6

19. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

20. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?

21. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

22. Have you, or any of your close friends or relatives, ever been stopped or questioned by a member of the New York City Police Department? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the NYPD.*]

G. **Ability to Render a Fair and Impartial Verdict**

23. As you can tell from my description of the charges, during the trial, you will hear evidence concerning a conspiracy to commit robbery, and a conspiracy to possess with intent to distribute narcotics. Does the fact that the charges

7

involve a robbery or narcotics affect your ability to render a fair verdict?

  24. Do any of you believe that the robbery of individuals believed to be in possession of narcotics or narcotics proceeds should not be illegal, or that the laws governing these crimes should not be enforced?

  25. Do any of you believe that the narcotics laws should not be enforced?

  26. Do any of you have any opinion about the enforcement of the federal robbery or narcotics laws that might prevent you from being fair and impartial in this case?

  27. Has anyone been involved in a robbery?  Has anyone's relative, close friend or associate been involved in a robbery?  Have any of you, or any member of your family, or any of your close friends, had any experiences of any kind, directly or indirectly, with a robbery?

  28. Has anyone been involved in an offense involving narcotics?  Has anyone's relative, close friend or associate been involved in an offense involving narcotics?  Have any of you, or any member of your family, or any of your close friends, had any experiences of any kind, directly or indirectly, with narcotics?

  29. Do any of you feel that you could not decide fairly and impartially a case involving a charge concerning the robbery of individuals believed to be in possession of narcotics

or narcotics proceeds? Do any of you feel that you could not decide fairly and impartially a case involving a charge concerning distribution or possession of narcotics, namely, cocaine?

### H. Law Enforcement Witnesses

30. The Government witnesses in this case will consist almost solely of special agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and police officers from the New York City Police Department. Would any of you be more likely to believe a witness merely because he or she is a special agent with the ATF or an officer of the New York City Police Department or other law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is a special agent with AFT or officer of the New York City Police Department or other law enforcement agency? Does anyone have any personal feelings or experiences concerning the ATF or New York City Police Department that would in any way affect their ability to be fair and impartial in this case?

31. Does anyone have any expectations about the types of evidence, such as DNA or fingerprint analysis, that Government will present in all criminal trials?

32. Would any of you be unable to follow the judge's instructions that the Government is not required to use any

particular technique investigating and presenting evidence of a crime?

33. Recorded Conversations. You may also hear evidence that a Government informant recorded conversations that he had with the defendant and others by wearing a recording device on his person, also called a "body wire." I instruct you that this investigative technique, in the context of this case, is perfectly legal. Do any of you have any feelings about the use of "body wires" that would make it difficult for you to render a fair and impartial verdict?

34. Need to accept courtroom interpretation as correct. In regard to these recorded conversations, you will hear testimony that some or all of the conversations occurred in Spanish. The evidence that will be presented during the trial will include recordings of conversations in Spanish. You will be provided with an English translation of any such conversations that are admitted into evidence during this trial. Similarly, one or more of the witnesses may testify in Spanish. This testimony and evidence will be translated by an interpreter. Even if you speak Spanish, you are obligated under the law to accept as binding the interpretation provided by the court-certified interpreter and the English translations of the taped conversations. Do any members of the panel speak Spanish?

For those who do, would you be unable to accept as binding the interpretation provided by the interpreter?

 35. Persons not on trial. The defendant is charged with acting with others. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

I. **Other Questions**

 33. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

 34. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

 35. Do any of you have any difficulty in reading or understanding English in any degree?

 36. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

J.   **Function of the Court and Jury**

37.   The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendants are guilty as charged in the indictment.  Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

38.   Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

39.   Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

40.   It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any

12

juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

### K.   Other Biases

41.   In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

### L.   Juror's Background

42.   The Government respectfully requests that the Court ask each juror to state the following information:

  a.  the juror's age;

  b.  the area in which the juror resides and any other area the juror has resided during the last ten years;

  c.  where the juror was born;

  d.  the juror's educational background, including the highest degree obtained;

  e.  whether the juror has served in the military;

13

  f.  the juror's occupation;

  g.  the name and location of the juror's employer, and the period of employment with that employer;

  h.  the same information concerning other employment within the last five years;

  i.  the same information with respect to the juror's spouse and any working children;

  j.  what newspapers and magazines the juror reads and how often;

  k.  what television programs the juror regularly watches;

  l.  Does the juror watch "Law and Order," "CSI," or other police dramas?

  m.  the juror's hobbies and leisure-time activities;

  n.  whether the juror is a member of any clubs or organizations; and

  o.  whether the juror owns or has ever owned a firearm, and whether anyone in the juror's immediate family owns or has ever owned a firearm.

**M.** **<u>Requested Instruction Following Impaneling of the Jury</u>**

  43. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

44. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you.

Please do not take offense.  They will be acting properly by doing so.

Dated:  New York, New York
        January 3, 2008

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for the United States
           of America

By: _____
    Todd Blanche
    Katherine A. Lemire
    Assistant United States Attorney
    (212) 637-2494/2532

## AFFIRMATION OF SERVICE

Todd Blanche, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on January 3, 2008, I caused one copy of the within Requests to Charge to be filed via Electronic Filing, thereby sending notice to the following counsel of record:

> David Segal, Esq.
> Attorney for Defendant Demi Abriham
>
> Louis R. Aidala, Esq.
> Attorney for Defendant Bryant De Los Santos
>
> Robert Blossner, Esq.
> Attorney for Defendant Pedro Cabrera

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   New York, New York
         January 3, 2008

_____
Todd Blanche