UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

       - v. -                        :        S1 07 Cr. 699 (HB)

DEMI ABRIHAM,                        :
  a/k/a "300,"
BRYANT DE LOS SANTOS,                :
PEDRO CABRERA,
  a/k/a "Pete,"                      :

                Defendants.          :

- - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

                          MICHAEL J. GARCIA
                          United States Attorney for the
                          Southern District of New York,
                          Attorney for the United States
                              of America

TODD BLANCHE
KATHERINE A. LEMIRE
Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

        - v. -                    :     S1 07 Cr. 699 (HB)

DEMI ABRIHAM,                     :
   a/k/a "300,"
BRYANT DE LOS SANTOS,             :
PEDRO CABRERA,
   a/k/a "Pete,"                  :

                Defendants.       :

- - - - - - - - - - - - - - - - - -x


### GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its instructions to the Jury.

TABLE OF CONTENTS

PAGE

REQUEST NO. 1  General Requests . . . . . . . . . . . . . . . . 1

REQUEST NO. 2  The Indictment  . . . . . . . . . . . . . . . . 2

REQUEST NO. 3  Summary of the Indictment  . . . . . . . . . . 3

REQUEST NO. 4  Count One: Conspiracy to Commit Robbery: General
     Instructions (18 U.S.C. § 1951) . . . . . . . . . . . . 4

REQUEST NO. 5  Count One: Conspiracy to Commit
     Robbery - Elements of the Offense  . . . . . . . . . . 6

REQUEST NO. 6  Count One: First Element: Existence of the
     Conspiracy . . . . . . . . . . . . . . . . . . . . . . 8

REQUEST NO. 7  Count One: Second Element: Membership in the
     Conspiracy . . . . . . . . . . . . . . . . . . . . . . 16

REQUEST NO. 8  Count Two: Conspiracy to Distribute
     and to Possess with Intent to Distribute a Controlled
     Substance: General Instructions (21 U.S.C. § 846) . . . 21

REQUEST NO. 9  Count Two: Elements of Conspiracy . . . . . . 23

REQUEST NO. 10 Count Two: First and Second Elements:
     Existence of and Membership in the Conspiracy . . . . . 25

REQUEST NO. 11 Count Two: Object of the Conspiracy . . . . . 26

REQUEST NO. 12 Count Two: Overt Acts . . . . . . . . . . . . 30

REQUEST NO. 13 Count Two: Drug Quantity . . . . . . . . . . . 31

REQUEST NO. 14 Knowledge and Intent: Conscious Avoidance  . . 33

REQUEST NO. 15 Knowledge and Intent: Withdrawal . . . . . . . 36

REQUEST NO. 16 Time of Conspiracy . . . . . . . . . . . . . . 38

REQUEST NO. 17 Venue  . . . . . . . . . . . . . . . . . . . . 39

REQUEST NO. 18 The Defendants' Testimony . . . . . . . . . . 41

i

REQUEST NO. 19 The Defendant's Right Not to Testify . . . . . 42

REQUEST NO. 20 Law Enforcement Witnesses  . . . . . . . . . . 43

REQUEST NO. 21 Use of Recordings and Transcripts  . . . . . . 44

REQUEST NO. 22 Use of Evidence Obtained Pursuant to Search  . 46

REQUEST NO. 23 Use of Informants . . . . . . . . . . . . . . 47

REQUEST NO. 24 Accomplice Testimony . . . . . . . . . . . . . 48

REQUEST NO. 25 Accomplice Testimony: Guilty Plea  . . . . . . 51

REQUEST NO. 26 Acts and Statements of Co-Conspirators . . . . 52

REQUEST NO. 27 Particular Investigative Techniques
     Not Required . . . . . . . . . . . . . . . . . . . . . 54

REQUEST NO. 28 Preparation of Witnesses  . . . . . . . . . . 55

REQUEST NO. 29 Stipulation of Facts . . . . . . . . . . . . . 56

REQUEST NO. 30 Stipulation of Testimony . . . . . . . . . . . 57

REQUEST NO. 31 Uncalled Witness: Equally Available
to Both Sides . . . . . . . . . . . . . . . . . . . . . . . 58

REQUEST NO. 32 Persons Not on Trial . . . . . . . . . . . . . 59

REQUEST NO. 33 Character Testimony  . . . . . . . . . . . . . 60

REQUEST NO. 34 Conclusion . . . . . . . . . . . . . . . . . . 61

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court provide its usual instructions with respect to the following matters:

    a.   Function of Court and Jury

    b.   All Parties as Equals Before the Court

    c.   What Is and Is Not Evidence

    d.   Rulings on Evidence and Objections

    e.   Burden of Proof and Presumption of Innocence

    f.   Reasonable Doubt

    g.   Government Treated Like Any Other Party

    h.   Definitions and Examples of Direct and Circumstantial Evidence

    i.   Inferences

    j.   Credibility of Witnesses

    k.   Interest in Outcome

    l.   Right to See Exhibits and Have Testimony Read During Deliberations

    m.   Sympathy:  Oath as Jurors

    n.   Punishment Is Not to Be Considered by the Jury

    o.   Consider Each Count Separately

    p.   Verdict of Guilt or Innocence Must be Unanimous

**REQUEST NO. 2**

**The Indictment**

The defendants are formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains two counts against each of the three defendants, DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA, the defendants.  Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges.  Therefore, I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment.  Then I will explain in detail the elements of the offenses.

## REQUEST NO. 3

### Summary of the Indictment

Count One charges DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA with conspiring to rob persons engaged in narcotics trafficking.

Count Two charges DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA with conspiring to violate the narcotics laws.

### REQUEST NO. 4

### Count One: Conspiracy to Commit Robbery

### General Instructions (18 U.S.C. § 1951)

Count One of the Indictment charges DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA with participating in a conspiracy to obstruct interstate commerce through the use of robbery. Count One charges, and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read Count One of the Indictment,]*

Count One also lists the particular statute alleged to have been violated.

As I said before, the defendants are charged with having been members of a conspiracy to violate certain federal laws relating to robbery. A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy -- or agreement -- to violate a federal law, as charged in this Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, conspiracy to violate the federal robbery laws even if you find that the substantive crime that was the object of the conspiracy was never actually committed. Congress has deemed it

4

appropriate to make conspiracy, standing alone, a separate crime,

even if the conspiracy is not successful.

> Adapted from the charge of the Honorable
> Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> <u>See</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21
> (2d Cir. 1990) ("Since the essence of
> conspiracy is the agreement and not the
> commission of the substantive offense that is
> its objective, the offense of conspiracy may
> be established even if the collaborators do
> not reach their goal.")

5

<u>REQUEST NO. 5</u>

<u>Count One:  Conspiracy to Commit Robbery</u>
<u>Elements of the Offense</u>

To sustain its burden of proof with respect to the robbery conspiracy charge charged in Count One, the Government must prove beyond a reasonable doubt each of the following elements as to each defendant:

<u>First</u>, the Government must prove that the conspiracy charged in Count One existed.  That is, that there was an agreement or understanding among at least two people to violate the law of that United States that makes it a crime to commit a  robbery that affects interstate or foreign commerce.

<u>Second</u>, the Government must prove that the defendant you are considering knowingly became a member of the conspiracy to commit robbery.

Each of these elements must be satisfied beyond a reasonable doubt as to each defendant, and you must consider each defendant separately.

> Adapted from charge of the Honorable Lewis A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141 (S.D.N.Y. July 27, 2004); and from charge of the Honorable Leonard Sand in <u>United States</u> v. <u>Clemente</u>, <u>et al.</u>, S 79 Cr. 142 (LBS) (Apr. 28, 1980), <u>aff'd</u>, 640 F.2d 1069 (2d Cir. 1981), pp. 12607-08.
>
> Under the Hobbs Act, it is not necessary for the Government to allege or prove an overt act.  <u>Cf.</u> <u>United States</u> v. <u>Shabani</u>, 513 U.S. 10 (1994) (holding that where a particular

statute, unlike 18 U.S.C. § 371, contains no explicit overt act requirement, Government need not prove overt act in furtherance of conspiracy).

### REQUEST NO. 6

### Count One:  Conspiracy to Commit Robbery
### First Element: Existence of the Conspiracy

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons (not including a government informant or agent), to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of the conspiracy alleged in Count One is the robbery of individuals believed to possess narcotics or narcotics proceeds.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people (not including a government informant or agent) to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged in Count One, therefore, is the agreement to commit robberies of individuals believed to possess narcotics or narcotics proceeds.  It is an entirely distinct and separate offense from the actual robbery.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed

8

a conspiracy to violate the law and spelling out all the details.
Common sense tells you that when people agree to enter into a
criminal conspiracy, much is left to the unexpressed
understanding.  It is rare that a conspiracy can be proven by
direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence
must show that two or more persons (not including a government
informant or agent), in some way or manner, either explicitly or
implicitly, came to an understanding to violate the law and to
accomplish an unlawful plan.

If you find beyond a reasonable doubt that two or more
persons came to an understanding, express or implied, to violate
the law and to accomplish an unlawful plan, then the Government
will have sustained its burden of proof as to this element.

In determining whether there has been an unlawful agreement
as alleged in Count One, you may consider the actions of all the
alleged co-conspirators that were taken to carry out the apparent
criminal purpose.  The old adage, "actions speak louder than
words," applies here.  Often, the only evidence that is available
with respect to the existence of a conspiracy is that of
disconnected acts on the part of the alleged individual co-
conspirators.  When taken all together and considered as a whole,
however, that conduct may warrant the inference that a conspiracy

existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in Count One.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements.  It is sufficient to establish the existence of a conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objective of the conspiracy charged in Count One.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).  See also Sand et al., Modern Federal Jury Instructions, Instr. 19-2, 19-3, and 19-4.
>
> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the

details of the conspiracy, so long as they
have agreed on the essential nature of the
plan, and their goals need not be congruent,
so long as they are not at cross-purposes.")
(citations omitted); <u>United States</u> v.
<u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991)
("To prove the existence of an agreement, the
government need not present evidence of a
formal arrangement between the co-
conspirators.  Rather, it is sufficient if
the government can demonstrate that the
defendant acted together with others to
realize a common goal") (citations omitted).
<u>See also United States</u> v. <u>Rubin</u>, 844 F.2d
979, 983-84 (2d Cir. 1988) (generally
discussing proof of agreement).

### Object of the Conspiracy - Robbery Defined

You also must find that the alleged conspiracy had an

illegal objective.  Here, Count One charges the defendant with

agreeing with others from in or about June 7, 2007, up to and

including in or about September 2007, to commit a robbery of

individuals believed to possess narcotics or narcotics proceeds.

What do I mean by conspiracy to commit robbery?

A robbery is the unlawful taking of personal property from

another against his or her will.  This is done by threatening or

actually using force, violence, or fear of injury, immediately or

in the future, to person or property.

Thus, in order to find that the defendant conspired to

commit robbery, you must find that the Government proved beyond a

reasonable doubt that the defendant participated in a conspiracy

to: (i) obtain or take the personal property of another, or from

11

the presence of another, or attempted to do so; (ii) against the intended victim's will by actual or threatened force, violence or fear of injury, whether immediate or in the future; and (iii) that the defendant's actions would have in any way or degree, obstructed, delayed or affected interstate commerce, as I will explain to you in a moment.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instructions 50-2, 50-3 (2003); United States v. Buffey, 899 F. 2d 1402 (4th Cir. 1990).

**Property Defined**

With respect to the first element, one must conspire to take property, and the term "property" as used in these instructions means anything of value, including cash, jewelry, and other items of value. I instruct you that the objects the defendants are charged with conspiring to rob – narcotics and narcotics proceeds – constitute property.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction 50-11 (2003).

**Actual or Threatened Force Defined**

The Government must also show that the defendants conspired to take the property against the will of the intended victim by actual or threatened force, violence or fear of injury, whether immediate or in the future. Those are, of course, not legitimate means for obtaining property. In considering whether force, violence or fear was an objective of the conspiracy, you should

12

give those words their common and ordinary meaning, and understand them as you normally would. Fear would exist if at least one person were to experience anxiety, concern, or worry over expected personal harm or business loss.

It is not necessary that the Government prove that force, violence, and fear were <u>all</u> used or threatened, or intended to be used or threatened. The Government satisfies its burden if it proves beyond a reasonable doubt that the defendants conspired to employ any one of these three methods.

> Adapted from L. Sand, <u>et</u> <u>al.</u>, <u>Modern Federal</u>
> <u>Jury Instructions</u>, Instruction 50-12, 50-13
> (2003); <u>see</u> <u>United</u> <u>States</u> v. <u>Clemente</u>, 640
> F.2d 1069, 1079 (2d Cir. 1981).

### **Interstate or Foreign Commerce Defined**

The third element the Government must prove is, if the robbery had been completed, interstate or foreign commerce would have been, or potentially would have been, affected in some way, even if the effect is slight. In this connection, I instruct you that the statutory language specifically forbids robbery that "in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce." Such robbery need only affect interstate or foreign commerce in some way or degree, even if the effect is minimal.

The statute is not limited to conduct that directly and immediately obstructs the movement of goods, nor is it necessary

13

that commerce actually be affected by a conspirator's conduct. It is sufficient if the robbery or attempted robbery <u>possibly</u> or <u>potentially</u> affected interstate or foreign commerce.

It is not necessary for you to find that the defendant you are considering intended or anticipated that the effect of his own acts, or the acts of his co-conspirators, would be to affect interstate or foreign commerce or that the conspirators had or shared a purpose to affect commerce. All that is necessary is that the natural effect of the acts they conspired to commit would either <u>actually</u> or <u>potentially</u> affect interstate or foreign commerce.

Nor do you have to decide whether the effect on interstate or foreign commerce was or would have been harmful or beneficial to a particular business, or to commerce in general. The Government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether harmful or not.

The commerce affected or potentially affected need not be lawful. Activities affecting or potentially affecting unlawful interstate activity, such as narcotics trafficking, fall within the purview of the statute. Indeed, Congress has determined that all narcotics activity, even purely local narcotics activity, has a substantial effect on interstate commerce. Thus, if you find that the object of the attempted robbery was to obtain narcotics

14

or narcotics-related proceeds, you may find this element
satisfied.

        Adapted from Sand, et al., Modern Federal
        Jury Instructions, Instr., 50-7 (2003). See
        United States v. Daley, 564 F.2d 645, 649 (2d
        Cir. 1977). See also 21 U.S.C. § 801.

        Adapted from the charge of Judge John E.
        Sprizzo in United States v. Farrish, 95 Cr.
        750 (JES) (Mar. 7, 1996), aff'd, 122 F.3d 146
        (2d Cir. 1997), and from Sand, et al., Modern
        Federal Jury Instructions, Instr. 50-8. See
        Stirone v. United States, 361 U.S. 212 (1960)
        (in enacting Hobbs Act, Congress intended to
        "use all the constitutional power [it] has to
        punish interference with interstate
        commerce"); United States v. Farrish, 122
        F.3d 146 (2d Cir. 1997) (effect or potential
        effect on interstate commerce need only be
        slight or minimal). See also Jund v. Town of
        Hempstead, 941 F.2d 1271, 1285 (2d Cir.
        1991); United States v. Scacchetti, 668 F.2d
        643, 647 (2d Cir.), cert. denied, 457 U.S.
        1132 (1982); United States v. Calder, 641
        F.2d 76, 78 (2d Cir. 1981); United States v.
        Augello, 451 F.2d 1167, 1170 (2d Cir. 1971);
        United States v. Tropiano, 418 F.2d 1069,
        1076 (2d Cir. 1969).

**REQUEST NO. 7**

**Count One:  Conspiracy To Commit Robbery**
**Second Element:  Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must then proceed to answer the next question – whether the defendant you are considering joined the conspiracy knowing its unlawful purpose and to further its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully, and knowingly entered into the conspiracy, that is, the agreement, with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

**Unlawfully, Willfully and Knowingly Defined**

As to this element, the terms "unlawfully," "willfully, and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant you are considering knew what he was doing -- that he took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law.  The defendant you are considering need not have known that he was breaking any

16

particular law or any particular rule.  He need only have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  You do, however, have before you evidence of certain acts and statements alleged to have taken place by or with certain of the defendants or in their presence.  The Government contends that these acts and statements show beyond a reasonable doubt knowledge on the part of each of the defendants of the unlawful purposes of the conspiracy.

The defendants deny they were members of this conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of defendant you are considering existed.  It is important for you to know that a defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as

17

those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from that evidence.

It is not necessary that the defendant you are considering be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant you are considering know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and that defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles; others play minor roles. An equal role is not what

18

the law requires.  Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that a defendant have participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, to satisfy this element, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.  The defendant you are considering thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, he becomes a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is

19

terminated, unless it is shown by some affirmative proof that the

person withdrew and disassociated himself from it.

> Adapted from charges of the Honorable Lewis
> A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis
> Redden</u>, 02 Cr. 1141 (S.D.N.Y. July 27, 2004),
> and the Honorable John F. Keenan, <u>United
> States</u> v. <u>Paa Smith</u>, 02 Cr. 104 (JFK)
> S.D.N.Y. July 31, 2002).

**REQUEST NO. 8**

**Count Two: Conspiracy to Distribute and to Possess with
Intent to Distribute a Controlled Substance
General Instructions (21 U.S.C. § 846)**

Count Two charges DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA with participating in a conspiracy to violate the narcotics laws of the United States.  Count Two charges, and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read Count Two of the Indictment, up to the overt acts]*

Count Two also lists certain overt acts that are alleged to have been committed in furtherance of the narcotics conspiracy, as well as the particular statute alleged to have been violated.

As I have previously explained to you, a conspiracy is a kind of criminal partnership — an agreement of two or more persons to join together to accomplish some unlawful purpose.

As with Count One, the crime of conspiracy — or agreement — to violate the narcotics laws, as charged in Count Two of the Indictment, is an independent offense, separate and distinct from the actual violation of the narcotics laws

Indeed, you may find DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA guilty of the crime of conspiracy to distribute cocaine, or to possess cocaine with intent to distribute it even if there was no *actual* distribution or possession with the intent

21

to distribute cocaine.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed or possessed with intent to distribute.

> Adapted from the charges of the Honorable
> John G. Koeltl in <u>United States</u> v. <u>Alvarado-</u>
> <u>Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995),
> and the Honorable Harold Baer in <u>United</u>
> <u>States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB) (S.D.N.Y.
> 1997).

> <u>See</u> <u>United</u> <u>States</u> v. <u>Labat</u>, 905 F.2d 18, 21
> (2d Cir. 1990) ("Since the essence of
> conspiracy is the agreement and not the
> commission of the substantive offense that is
> its objective, the offense of conspiracy may
> be established even if the collaborators do
> not reach their goal.").

## REQUEST NO. 9

## Count Two: Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance

### Elements of Conspiracy

In order to sustain its burden of proof with respect to the charge of narcotics conspiracy contained in Count Two of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the narcotics conspiracy charged in Count Two.  The Government must prove that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or possess narcotics with the intent to distribute them.  Second, the Government must prove beyond a reasonable doubt that each defendant knowingly became a member of the conspiracy.  That is, the Government must prove that DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA knowingly associated themselves with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute cocaine.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).

> The Government notes that under Section 846, it is not necessary for the Government to

23

allege or prove even one overt act.  <u>See</u>
<u>United</u> <u>States</u> v. <u>Shabani</u>, 115 S. Ct. 382, 385
(1994) (Government need not prove commission
of any overt acts in furtherance of
conspiracy in violation of section 846
conspiracy); <u>United</u> <u>States</u> v. <u>Story</u>, 891 F.2d
988, 992 (2d Cir. 1989) ("The only elements
of a section 846 narcotics conspiracy offense
are the existence of a conspiracy and
defendant's willful joining it."); <u>United</u>
<u>States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d
Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 986 (1978);
<u>United</u> <u>States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94
(2d Cir. 1975), <u>cert</u>. <u>denied</u>, 425 U.S. 970
(1976).

## REQUEST NO. 10

### Count Two: Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance

### First and Second Elements: Existence of and Membership in the Conspiracy

I previously instructed you, with respect to Count One, on the standards by which to evaluate whether a conspiracy existed and whether DEMI ABRIHAM, BRYANT DE LOS SANTOS, and PEDRO CABRERA participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective. Please refer to those instructions when considering Count Two, as well.

25

<u>**REQUEST NO. 11**</u>

<u>**Count Two: Conspiracy to Distribute and to Possess with**</u>
<u>**Intent to Distribute a Controlled Substance**</u>

<u>**Object of the Conspiracy**</u>

Count Two of the Indictment charges that the object of the
conspiracy was to "distribute and possess with intent to
distribute" cocaine.  I will now define for you the terms
"distribution" and "possession with intent to distribute."

<u>**Distribution Defined**</u>

The word "distribution" means the process of actual,
constructive or attempted transfer of a controlled substance,
including sale.  "Distribution" includes delivering, passing or
handing over something to another person, or causing something to
be delivered, passed on, or handed over to another person.
Distribution does not require a sale, but includes sales.

<u>**Possession With Intent to Distribute Defined**</u>

What does "possession with intent to distribute" mean?

<u>**Possession Defined**</u>

We begin with the concept of "possession."  The legal
concept of possession may differ from the everyday usage of the
term, so let me explain it in some detail.  Actual possession is
what most of us think of as possession; that is, having physical
custody or control of an object, as I possess this pen.  However,
a person need not have actual, physical possession — that is,

physical custody of an object — in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody.  The person having control "possesses" the controlled substance because he has an effective working relationship with the people who have actual physical custody of the controlled substance and because he can direct the movement or transfer or disposition of the controlled substance.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained.  In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession

of a thing, possession is sole.  If more than one person has
possession of it, as I have defined possession for you, then
possession is joint.

Now, let me give you some examples of possession.  I have a
pen in my hand.  There should be no doubt in your mind that I
physically possess the pen.

Another example:  Let's say I brought in some candy today
and left it on my deputy's desk.  He knows that he can't eat all
of that candy; he'd better leave some for me.  I do not
physically possess the candy but I do have control over it.  My
deputy also has control over it.  I can be said to "possess" the
candy jointly with my deputy.

One more example:  Say my father left me a watch when he
died, and it is now sitting in a safety deposit box.  My wife and
I are the only people who can get into that box.  Do we have
possession of the watch?  Absolutely we have possession of it,
even though it's in a safety deposit box.

**Intent to Distribute Defined**

"Possession with intent to distribute" simply means the
possession of a controlled substance with the intention or
purpose to "distribute" it to another person or persons.  As I
explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an
"intent to distribute" from the quantity of drugs that were

possessed, although the possession of a large quantity of narcotics does not necessarily mean that an individual intended to distribute them.  On the other hand, an individual may have intended to distribute a controlled substance even if he did not possess a large amount of it.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.  The offense alleged here is simply the conspiracy, or agreement, to distribute cocaine, or the conspiracy, or agreement, to possess cocaine with the intent to distribute it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992) and from the charge of the Honorable John M. Walker in United States v. Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), aff'd, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession).  See also Sand, et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.

29

**REQUEST NO. 12**

**Count Two: Conspiracy to Distribute and to Possess with
Intent to Distribute a Controlled Substance**

**Overt Acts**

Count Two also contains a paragraph entitled "Overt Acts."
It is not necessary for the Government to prove that either of
the specified overt acts alleged were committed, so long as the
Government proves the existence of the narcotics conspiracy
charged in Count Two and that the defendant you are considering
was a knowing and intentional member in the narcotics conspiracy.
It is not necessary for the Government to allege or prove even
one overt act on the part of the defendant or anyone else.  In
other words, actual possession is not required.

> As noted previously, under Section 846, it is
> not necessary for the Government to allege or
> prove even one overt act.  See United States
> v. Shabani, 115 S. Ct. 382, 385 (1994)
> (Government need not prove commission of any
> overt acts in furtherance of conspiracy in
> violation of section 846 conspiracy); United
> States v. Story, 891 F.2d 988, 992 (2d Cir.
> 1989) ("The only elements of a section 846
> narcotics conspiracy offense are the
> existence of a conspiracy and defendant's
> willful joining it."); United States v.
> Knuckles, 581 F.2d 305, 311 (2d Cir.), cert.
> denied, 439 U.S. 986 (1978); United States v.
> Bermudez, 526 F.2d 89, 94 (2d Cir. 1975),
> cert. denied, 425 U.S. 970 (1976).

30

## REQUEST NO. 13

### Drug Quantity

If you conclude that the Government has met its burden of proving beyond a reasonable doubt each of the elements I have described with respect to Count Two, you will then be required to determine another element – whether the crime involved an agreement concerning a certain amount of cocaine.  You will be provided with a verdict form that will include spaces for you to indicate your determination with respect to drug quantity.  You will be asked to make such a finding regarding the quantity of cocaine.

You do not need to determine the precise quantity of drugs involved in the conspiracy.  Rather, you need decide only whether more than certain specified amounts of cocaine were involved.  Your determination regarding drug quantity must be unanimous and must be reached beyond a reasonable doubt.

> Adapted from the charge of the Honorable
> Michael B. Mukasey in <u>United States</u> v.
> <u>Moyhernandez</u>, 97 Cr. 197 (S.D.N.Y. 2000)
> (MBM).  <u>See</u> <u>Blakely</u> v. <u>Washington</u>, 124 S. Ct.
> 2531 (June 24, 2004); <u>Apprendi</u> v. <u>New Jersey</u>,
> 120 S. Ct. 2348, 2362-63 (2000) ("[o]ther
> than the fact of a prior conviction, any fact
> that increases the penalty for a crime beyond
> the prescribed statutory maximum must be
> submitted to a jury, and proved beyond a
> reasonable doubt.").  Accordingly, the
> Government respectfully requests that the
> Court include the foregoing charge and submit
> a verdict form that inquires as to whether
> the defendant conspired to distribute or

31

possess with the intent to distribute
specified amounts of cocaine.

## REQUEST NO. 14

### Knowledge and Intent: Conscious Avoidance

*[If Applicable]*

I have just instructed you that the Government must prove beyond a reasonable doubt, first, that the defendant you are considering participated in each charged conspiracy, and second, that the defendant did so with knowledge of, and in furtherance of, each of their unlawful purposes.  Let me say one other thing about the knowledge element regarding the objective or purpose of each of the conspiracies.  In determining whether the defendant you are considering acted knowingly and intentionally regarding the objective or purpose of each of the conspiracies, you may consider whether the defendant you are considering deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant you are considering regarding the object of the conspiracy cannot be established by showing that the defendant was careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant of a fact that is material and important to one's conduct in order to escape the consequences of criminal law.  Thus, with respect to each of the conspiracies charged in the Indictment – the robbery conspiracy and the narcotics conspiracy – if you find beyond a reasonable doubt that the defendant you are considering was aware

33

that there was a high probability that he and his co-conspirators intended to commit a robbery or intended to distribute or possess with intent to distribute cocaine, but that the defendant you are considering deliberately and consciously avoided confirming either of these facts, then you may treat this deliberate avoidance as the equivalent of knowledge, unless you find that the defendant actually believed that he was not agreeing to commit a robbery or to distribute or possess with intent to distribute cocaine.

I would also like to point out that this legal principle regarding the "deliberate closing of eyes" has no bearing on whether either conspiracy existed in the first place or even whether the defendant you are considering became a member of either conspiracy. Rather, if the Government proves beyond a reasonable doubt that either or both of the conspiracies charged in the Indictment existed <u>and</u> that the defendant you are considering became a member of either or both conspiracies, the Government may then prove that the defendant you are considering acted with knowledge of the illegal objective or purpose by showing that he deliberately closed his eyes to what otherwise would have been obvious.

> Adapted from the charge in <u>United</u> <u>States</u> v. <u>Mang</u> <u>Sun</u> <u>Wong</u>, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly approving charge), <u>cert</u>. <u>denied</u>, 493 U.S. 1082 (1990).

34

"A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts [sic], but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." United States v. Brito, 907 F.2d 392, 396 (2d Cir. 1990).  See United States v. Rodriguez, 983 F.2d 455, 457-58 (2d Cir. 1993) (clarifying when charge is appropriate: "[T]he charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt").  See also United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir.) (same), cert. denied, 479 U.S. 861 (1986); United States v. Guzman, 754 F.2d 482, 489 (2d Cir. 1985) (same), cert. denied, 474 U.S. 1054 (1986).

35

## REQUEST NO. 15

### Knowledge and Intent: Withdrawal From the Conspiracy

*[If Applicable]*

Let me say one more thing about the knowledge element and the Government's burden to prove that the defendant you are considering became a member of the conspiracies charged in the Indictment.  As I already mentioned, once a person joins a conspiracy, that person remains a member until he withdraws from it.  Any withdrawal must be complete and it must be done in good faith.  A person can withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his participation in, and efforts to promote, the conspiracy.  In other words, the defendant you are considering must have demonstrated some type of positive action which disavowed or defeated the purpose of the conspiracy.

By way of example, a defendant may withdraw from a conspiracy by: giving timely warning to law enforcement officials; or wholly depriving his prior efforts of effectiveness in the commission of the crime; or making appropriate efforts to prevent the commission of a crime; or by doing acts which are inconsistent with the objects of the conspiracy and making reasonable efforts to communicate those acts to his co-conspirators.

36

The defendant you are considering has the burden of proving that he withdrew from the conspiracy by the preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more convincing.  In determining whether the defendant you are considering has proven that he withdrew from the conspiracy, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence regardless of who may have produced them.  If the evidence appears to be equally balanced, or you cannot say upon which side it weighs heavier, you must resolve this question against the defendant.  However, it is important to remember that the fact that the defendant has raised this defense does not relieve the Government of its burden of proving that there was a conspiracy, and that the defendant you are considering knowingly and voluntarily joined the conspiracy. Those are things that the Government still must prove beyond a reasonable doubt in order for you to convict the defendant you are considering of the crime of conspiracy.

> Adapted from United States v. Flaharty, 295
> F.3d 182 (2d Cir. 2002), and Sand et al.,
> Modern Federal Jury Instructions, Instr. 19-
> 10 (2003).

## REQUEST NO. 16

### Time of Conspiracy

The Indictment states that the robbery conspiracy charged in Count One existed from on or about June 7, 2007, up through and including September 2007, and that the narcotics conspiracy charged in Count Two also existed from on or about June 7, 2007, up through and including September 2007.  It is not essential that the Government prove that either conspiracy started and ended on any specific dates.  Indeed, it is sufficient if you find that each conspiracy was formed and existed for some time around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by the testimony and other evidence.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).

## REQUEST NO. 17

### Venue

In addition to the elements I have described for you in the Indictment, you must also decide whether any act in furtherance of the crimes occurred within the Southern District of New York. I instruct you that the Southern District of New York includes all of Manhattan, New York, and the Bronx, New York, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant you are considering of the charge that you are considering.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.
>
> See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another).  See also United States

39

v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.
1991) (affirming that venue is governed by a
preponderance standard).

## REQUEST NO. 18

### The Defendants' Testimony

*[Requested Only If A Defendant Testifies]*

The defendant [insert name of defendant] testified at trial. You should examine and evaluate the defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Prince Gaines, 457 F.3d 238, 244-50 (2d Cir. 2006).

41

## REQUEST NO. 19

## The Defendants' Right Not to Testify

**[***If Requested By The Defendant***]**

The defendant(s) did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant(s) did not testify.  No adverse inference against them may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

42

## REQUEST NO. 20

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

43

## REQUEST NO. 21

### Use of Recordings and Transcripts

The Government has offered evidence in the form of recordings of meetings and telephone calls which were obtained without the knowledge of the defendants or the other participants in the meetings and telephone calls, but pursuant to a lawful court order, or with the consent of an informant or through the use of an undercover agent who participated in the meetings and telephone calls. Whether you approve or disapprove of the interception and recording of these conversations may not enter your deliberations. I instruct you that the meetings and telephone calls were lawfully recorded and that no one's rights were violated. The use of this procedure to gather evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant you are considering.

In connection with these recordings, you heard that the conversations were in Spanish. For that reason, it was necessary for the Government to obtain a translation of certain conversations into English. [If a Stipulation has been entered] The translation from Spanish into English has been stipulated to

44

between the parties as accurate, and you may rely on the English. In case any of you speak Spanish, you may not second guess the interpreter.  Remember that the jury is the ultimate fact finder and, as with all of the evidence, you may give the transcripts such weight, if any, as you believe they deserve.

> Sand, Modern Federal Jury Instructions,
> Instr. 5-11; adapted from the charge of Judge
> Harold Baer, Jr. in United States v. Garcia
> Sanchez, 01 Cr. 908 (HB) (S.D.N.Y. 2002).

> See United States v. Ulerio, 859 F.2d 1144,
> 1145 (2d Cir. 1988) (not abuse of discretion
> to admit foreign language transcripts in
> evidence); United States v. Vasquez, 605 F.2d
> 1269, 1272 & n.4 (2d Cir. 1979) (proper to
> play Spanish language tapes and to provide
> translated transcripts to jury, with
> cautionary instruction that jury is ultimate
> factfinder); United States v. Llinas, 603
> F.2d 506, 508-09 (5th Cir. 1979) (transcripts
> embody testimony of interpreter; proper to
> provide transcripts to jury because
> interpreter available to testify to
> accuracy).

## REQUEST NO. 22

### Use Of Evidence Obtained Pursuant To Search

You have heard testimony about certain evidence that was seized in a search.  Evidence obtained from a search was properly admitted in this case, and may be considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendants' guilt beyond a reasonable doubt.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

46

## REQUEST NO. 23

## Use of Informants

Now, there has been testimony before you with respect to the use of a Government informant.  Informants are frequently used by the Government to obtain leads and to gain introduction to persons suspected of violating the law.  There are certain types of crimes where, without the use of informants, detection would be extremely difficult.  Because this law enforcement technique is entirely lawful, your personal view on its use – whether you approve or disapprove – is beside the point and must not affect your evaluation of the evidence in this case.

Let me put it another way.  If you are satisfied beyond a reasonable doubt that the defendant you are considering committed the offenses charged in the Indictment, you should find that defendant guilty even though you believe that his apprehension came about in some measure by the Government's use of an informant.

> Adapted from the charge of Judge John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-23.

## REQUEST NO. 24

### Accomplice Testimony

You have heard a witness who testified that he was actually involved in planning and carrying out certain of the crimes charged in the Indictment.  There has been a great deal said about this so-called accomplice witness in the summations of counsel and about whether you should believe him.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution.  The fact that a

48

witness is an accomplice can be considered by you as bearing upon his or her credibility.  It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his testimony.

You heard testimony about agreements between the Government and certain witnesses.  I caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of an accomplice witness, you should ask yourselves whether the accomplice would benefit more by lying, or by telling the truth.  Was his testimony made up in

49

any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it.  That is a determination entirely for you.

> Adapted from the charge of Judge Gerard E.
> Lynch in United States v. Michael Jones, 02
> Cr. 674 (GEL). See also Sand, Modern Federal
> Jury Instructions, Instr. 7-5.

**REQUEST NO. 25**

**Accomplice Testimony: Guilty Plea**

You have heard testimony from a Government witness who has pleaded guilty to charges arising out of the same facts that are at issue in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that one or more prosecution witnesses pleaded guilty to similar charges.  The decision of that witness to plead guilty was a personal decision that witness made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-110.  See United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

51

### REQUEST NO. 26

### Acts and Statements of Co-Conspirators

**[*If Applicable*]**

You will recall that I have admitted at this trial evidence of the statements of an individual named Din Celaj because these are people who, the Government claims, were also confederates or co-conspirators of the defendants.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant you are considering was a member of the conspiracies charged in the Indictment, then any acts done or statements made in furtherance of either conspiracy by a person also found by you to

52

have been a member of the same conspiracy may be considered against that defendant.  This is so even if such acts were committed or such statements were made in that defendant's absence, and without that defendant's knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant you are considering, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy they may not be considered by you in deciding whether the defendant you are considering is guilty or not guilty.

>Adapted from the charge of the Honorable
>Michael B. Mukasey in United States v. Salam,
>S1 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

53

## REQUEST NO. 27

## Particular Investigative Techniques Not Required

*[If Applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are carefully to consider the evidence presented by the Government, you need not speculate as to why the Government used the techniques it did, or why it did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant you are considering has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

54

## REQUEST NO. 28

## Preparation of Witnesses

### [*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of the Honorable Michael B. Mukasey in
> United States v. Abdul Latif Abdul Salam, 98
> Cr. 208 (MBM) (S.D.N.Y. 1999).

**REQUEST NO. 29**
**Stipulation of Facts**

[*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed facts as true.

Sand et al., Modern Federal Jury
Instructions, Instr. 5-6.

56

## REQUEST NO. 30

## Stipulation of Testimony

**[*If Applicable*]**

In this case you have heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

> Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 5-6 & 5-7.

57

## REQUEST NO. 31

## Uncalled Witness: Equally Available to Both Sides

### [*If Applicable*]

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 6-7.

58

## REQUEST NO. 32

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or any defendant from the fact that any person other than the defendants are not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from Judge Werker's charge in <u>United States</u> v. <u>Barnes</u>, 77 Cr. 190 (Nov. 29, 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979).

## REQUEST NO. 33

### Character Testimony

**[*If Applicable*]**

You have heard testimony that the defendant [describe testimony:  *e.g.*, a defendant has a good reputation for honesty in the community where he lives and works and for truthfulness].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crimes with which he is charged.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> [A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  Pujana-Mena, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  Id. at 30 (citations omitted).]

60

## REQUEST NO. 34

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.  You also must consider each defendant separately and your verdict must be unanimous as to each defendant.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors. Remember at all times, you are not partisans.  You are judges –

61

judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Dated:    New York, New York
          January 3, 2008

                          Respectfully submitted,

                          MICHAEL J. GARCIA
                          United States Attorney for the
                          Southern District of New York

              By:  _____
                          Todd Blanche
                          Katherine A. Lemire
                          Assistant United States Attorneys
                          (212) 637-2494/2532

## AFFIRMATION OF SERVICE

TODD BLANCHE, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on January 3, 2008, I caused one copy of the within Requests to Charge to be filed via Electronic Filing, thereby sending notice to the following counsel of record:

> David Segal, Esq.
> Attorney for Defendant Demi Abriham
>
> Louis R. Aidala, Esq.
> Attorney for Defendant Bryant De Los Santos
>
> Robert Blossner, Esq.
> Attorney for Defendant Pedro Cabrera

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          January 3, 2008

_____
Todd Blanche

63